UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. BATOR,

   Appellant,

  v.

UNITED STATES OF AMERICA,

   Appellee.

             /

NO. CR. S-09-424 LKK

O R D E R

This matter is before the court on appeal of a misdemeanor conviction before a magistrate judge. Defendant was convicted of violating 36 C.F.R. § 261.10(a), "constructing . . . or maintaining any . . . road . . . without . . . [an] approved operation plan . . ." and 36 C.F.R. § 261.9(a), "damaging any natural feature of or other property of the United States." Both charges related to construction of a road across National Forest lands in order to conveniently access mining claims. Defendant appeals these convictions on numerous grounds. The court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402. The court resolves the

1

appeal on the papers and after oral argument. For the reasons stated below, the court denies the appeal and affirms the convictions.

## I. Procedural History

The defendant was originally charged with violating 36 C.F.R. 261.10(a) and 36 C.F.R. 261.9(a), described above, by way of violation notices. On April 21, 2009, the United States filed a superceding information, reiterating the above counts and adding third count for violating § 261.10(a), relating to allegations of defendant's unauthorized snow plowing of Forest Service roads.

After a court trial, the magistrate judge concluded that the government failed to prove count III, but convicted defendant under counts I and II. For each of these two offenses, defendant was fined $2,500 plus a special assessment of $10, for a total of $5,040. Defendant timely appealed.

## II. Factual Background

Where a district court reviews a conviction by a magistrate judge, the standard of review is the same as when a court of appeals reviews the judgment of a district court. See Fed. R. Crim. P. 58(g)(2)(D), United States v. Lex, 300 F. Supp. 2d 951, 956 (E.D. Cal. 2003). In general, factual findings are reviewed for clear error. United States v. Doe, 136 F.3d 631, 636 (9th Cir. 1998). Here, defendant does not dispute the magistrate judge's factual findings; indeed, defendant affirms that "[n]owhere at trial were the basic facts in controversy. . . . What [was] in controversy [was] the application of the law." Def.'s Reply at 4

("Reply"). Accordingly, the court adopts the magistrate judge's statement of the pertinent facts:

> Defendant controls, or is the owner of, two patented mining claims,[1] known as Trust Busters Nos.1 and 2, in addition to a noncontiguous site known as the Trust Buster Mill Site. Located between the Trust Buster claims and the Mill Site are two unpatented claims known as the Golden Rule and the Golden Rule Extension. Although the defendant claims some type ownership to the Golden Rule claims, little evidence was received during trial to support this assertion. The defendant testified that the Golden Rule claims were not perfected and the issue of ownership was "complicated." Regardless of what interest the defendant has in the Golden Rule claims or whether said claims are valid, they are located entirely on National Forest System lands.
>
> As owner of the Trust Buster claims and the alleged owner of the Golden Rule claims, the defendant anticipated commencing limited mining operations in 2007. In March 2007, the defendant contacted Donald Hall [Hall], Acting District Ranger of the Klamath National Forest, seeking information concerning his desire to construct a road across Forest Service lands to his proposed mining site located at the northern portion of the Golden Rule claim and on the southern portion of the Trust Buster No. 1 claim. Pursuant to this request, Hall and Forest Service employee, Curtis Hughes [Hughes], met with the defendant at the mining site on April 7, 2007. The purpose of the April visit was two-fold: (1) to allow the Forest Service an opportunity to assess the nature and extent of defendant's proposed mining operations, and (2) to evaluate defendant's request to utilize heavy equipment on a limited basis.
>
> The three men walked the general area encompassing the claims, but focused primarily

---

[1] For a discussion of the various types of property interests miners may acquire, see Lex, 300 F. Supp. 2d 951.

3

in an area located on the Golden Rule unpatented mining claim which defendant claims was the site of historical mining activity. Present at this site was a passage or tunnel to an existing mine or adit [Adit] which was intended to be the focal point of defendant's initial operations. The defendant was informed that he was not allowed to construct a road unless it was addressed in an approved plan of operations [PoO].

The defendant anticipated the removal of enough ore from the site of the Adit that would lend itself to proper and adequate testing to determine if future mining would be profitable. To accomplish this, the defendant requested that he be allowed the limited use of a backhoe to extract the necessary samples. In order to get any type of heavy equipment to the Adit, however, it was necessary to drive the backhoe from the nearest access (Forest Service Road 48N05) which traversed the Golden Rule claim across National Forest System lands. Hall and Hughes were sympathetic to the defendant's request to a use a backhoe on a limited bases to extract the necessary samples, but only upon the condition that defendant "walk" his backhoe from Road 48N05 across Forest Service lands to the Adit.

Several months passed, and the Forest Service became aware that a partial roadway [New Adit Road] had been constructed upon the Golden Rule claim in the general area of the Adit. On July 5, 2008, Forest Service Law Enforcement Officer Jason Rasmussen [Rasmussen] visited the site and observed that a large swath of land in the Adit area had been disturbed and a significant amount of soil and vegetation had been removed. The photographs received during trial depict the significant soil disturbance caused by the defendant's acts, and eliminate from consideration any argument that the defendant was simply repairing or improving an existing road. (Exhs. 3a-3h, 4a-4o, 5b and 5c). Counts I and II of the Information charge the defendant with this unauthorized road construction and damage to Forest Service property.

Judgment filed Sept. 25, 2009 at 3-5 (Dkt. No. 27) (footnote omitted). The magistrate judge further concluded that "defendant's activities resulted in substantial soil disturbance in the area that the road was carved from the existing slope, thus increasing the risk for future erosion. Much of the vegetation in the area was either destroyed or irreparably damaged." Judgment at 14.

Notwithstanding defendant's statement that the facts are not in dispute, defendant disputes two factual findings. First, he disputes the nature of the damage at issue. He argues that "a backhoe made a four inch scrape on one tree and another tree was knocked over. No quantity of dirt was ever moved. Which leaves the court with the task of defining significant damage? [sic] Appellant believes he improved the condition of the road." Reply at 5. Defendant's contention is unavailing. The magistrate judge's above factual conclusions are supported by ample evidence supports--in particular, the exhibits cited in the above quotation. Second, defendant argues that the disturbance tracked a "clearly established right of way" that had been a road some decades ago, although the Forest Service had planted trees thereon in the meantime. Def.'s Appeal Brief at 11 ("Brief"), Reply at 3. Assuming that defendant's factual contention is correct, defendant has not shown how this would further his case.[2]

////

---

[2] It is symptomatic of defendant's approach to the entire matter that the fact he contradicts himself seems to cause him no hesitation at all.

5

**III. Discussion**

Defendant's arguments roughly fall into three categories. First, he challenges the procedures used in this case, including the magistrate judge's exercise of jurisdiction. Second, defendant challenges the Forest Service's authority to adopt and enforce the regulations. Third and finally, defendant makes several fact-specific challenges to the magistrate judge's rulings.

**A.   Jurisdiction and Criminal Procedure**

Most of the procedural and jurisdictional arguments raised by defendant were adequately discussed by the magistrate judge, and the court does not repeat this analysis here.[3] The only argument not plainly discussed by the magistrate judge is defendant's contention that the conviction was improper where no law enforcement officer witnessed the alleged crime.[4] The legal conclusion that no officer witness was necessary is reviewed de novo. See, e.g., United States v. Rivera, 527 F.3d 891, 908 (9th Cir. 2008).

Defendant cites 43 U.S.C. § 1733, a provision of the Federal

---

[3] These arguments include arguments 4, 5, 6, and 12 as enumerated in defendant's opening brief on appeal, together with defendant's remaining arguments concerning a right to a jury trial and the jurisdiction of the magistrate judge. The judgment issued by the magistrate judge either rejected these arguments in its analysis or clearly quoted and emphasized the governing contrary authority. Having reviewed these issues de novo, the court adopts the magistrate judge's resolution thereof.

[4] This is the 10th argument under defendant's numbering, "Without a law enforcement authority witnessing an alleged misdemeanor act can the court proceed to charge the accused with a crime?" (Citing 43 U.S.C. § 1773).

6

Land Policy Management Act, in purported support of this argument. Subsection (c)(1) of that statute permits certain law enforcement officers to "make arrests without warrant or process for a misdemeanor he has reasonable grounds to believe is being committed in his presence or view." However, that same subsection also permits officers "to execute and serve any warrant or other process issued by a court or officer of competent jurisdiction." The citation issued here was such an alternative process. Thus, even assuming that this statute governs the Forest Service's actions on National Forest lands (an issue the parties have not addressed), defendant's argument fails.

**B. Regulation of Mining in National Forests**

Defendant broadly argues that he "chooses to live *his* life as a free and sovereign citizen outside of the authority of the administrative acts and gifts of government," such that regulatory authority cannot be applied to him. Reply at 7. The court need not address the philosophical underpinnings of this position. As a legal matter, defendant cannot "opt out" of the rules governing citizens of the United States. These rules include properly enacted regulations, whether defendant approves of them or not.

Defendant then argues that if his status as a "sovereign citizen" does not shield him from regulation, his status as a miner does. Brief at 7. He argues that the Forest Service regulations do not apply to miners because (1) the Forest Service regulations are not properly enacted because they violate various mining statutes, (2) prior caselaw upholding the Forest Service's

7

1 authority to regulate mining is inapplicable, because those cases
2 concerned placer mining rather than hard rock mining, (3) the
3 regulations themselves exempt mining, and (4) the Forest Service
4 lacks the authority to deprive defendant of access to private
5 property, or alternatively that such deprivation is a taking.
6 These arguments challenge conclusions of law, and are reviewed de
7 novo. Fed. R. Crim. P. 58(g)(2)(D), Rivera, 527 F.3d at 908.

8    As explained at length by the magistrate judge, while the
9 Forest Service may not directly regulate mining, the Forest Service
10 may regulate surface activities, including activities on unpatented
11 mining claims, so long as such regulation does not "endanger or
12 materially interfere with prospecting, mining or processing
13 operations or uses reasonably incident thereto." United States v.
14 Doremus, 888 F.2d 630, 632 (9th Cir. 1989). Thus, "mining
15 operations 'may not be prohibited nor so unreasonably circumscribed
16 as to amount to a prohibition.'" Id. (quoting United States v.
17 Weiss, 642 F.2d 296, 299 (9th Cir. 1981)), see also 16 U.S.C. §§
18 478 and 551; Judgment at 9-13.

19    Defendant contends that Doremus and Weiss concerned "placer"
20 mining and not "hard rock" mining of the type defendant hopes to
21 engage in. "Hard rock" or "lode" mining seeks minerals in "a well-
22 defined vein embedded in rock." Black's Law Dictionary, 8th Ed. at
23 1016 (2004). Placer mining seeks "minerals . . . not located in
24 veins or lodes within rock." Id. Thus, minerals subject to
25 placer mining are generally located in sand or gravel near the
26 surface. It may be that placer mining typically involves *greater*

8

disturbance of surface resources than hard rock mining.  Insofar as hard rock mining also causes surface disturbances outside the mine site, the Forest Service retains authority to regulate these disturbances.  Defendant identifies no authority to the contrary.[5]

Pursuant to this authority, the Forest Service has adopted regulations requiring miners whose activities might disturb surface resources on National Forest lands to comply with the Notice of Intent/Plan of Operations procedures described by the magistrate judge.  See 36 C.F.R. part 228.  36 C.F.R. § 261.10(a) prohibits construction of roads without compliance with part 228, and section 261.9 prohibits acts that damage natural surface features.

The crux of this case is that defendant has not shown that these regulations prohibit him from mining.  Notably, in this case, Forest Service officials explicitly permitted defendant to "walk" his backhoe to the mine site.  If "walking" access was inadequate, such that a road was necessary, defendant could have filed a plan of operations requesting permission to construct a road. Admittedly, preparation of a plan of operations entails delay and expense.  Defendant has not attempted to show, however, that the initial "walking" access was so limited that defendant could not collect the samples that would determine whether the expense was justified, nor has defendant attempted to show that the expense entailed by a plan of operations would be so great as to amount to

---

[5] Although defendant cites United States v. New Mexico, 438 U.S. 696 (1978), that case provides no support for any of defendant's theories.

9

1 a prohibition. Because defendant has not shown that the
2 regulations amounted to a prohibition on mining, he has not shown
3 that the regulations exceeded the statutory grant of authority.
4 Similarly, defendant has failed to show that these regulations
5 amount to a taking of his mining interests.[6]

6 Defendant finally argues that the regulations themselves
7 exempt mining. 36 C.F.R. § 261.1(b) provides that "Nothing in this
8 part shall preclude activities as authorized by . . . the U.S.
9 Mining Laws Act of 1872 as amended." "This part" refers to 36
10 C.F.R. part 261, including the regulations at issue here, 36 C.F.R.
11 §§ 261.9(a) and 261.10(a). The Ninth Circuit has interpreted
12 section 261.1(b) as merely recognizing that regulations may not
13 amount to de jure or de facto prohibition on mining. Doremus, 888
14 F.2d at 632. Thus, the court rejects defendant's contention that
15 the effect of 36 C.F.R. § 261.1(b) is that "a miner cannot be
16 charged" with the violations of 36 C.F.R. §§ 261.9(a) or 261.10(a).
17 Brief at 1.[7]

**C. Propriety of the Magistrate Judge's Conduct**

Defendant argues that the magistrate judge should have recused himself because of bias against defendant, that the magistrate

---

[6] Nor has defendant provided authority indicating what remedy would result from either showing. It may well be that even if the regulation did amount to a taking, defendant's remedy would be monetary compensation or at least a suit to invalidate the regulation, rather than a right to ignore it.

[7] Doremus further held that 36 C.F.R. § 261.1(b) did not limit the application of 36 C.F.R. part 228 (the regulations establishing, inter alia, the Notice of Intent/Plan of Operations requirements) to miners. 888 F.2d at 632.

10

judge improperly limited defendant's cross examination of a government witness, and that there was inadequate proof of the elements of the charged offenses.

Defendant argues that recusal was required because the magistrate judge was biased against defendant and because he "[held] the Acts of Congress in contempt." Brief at 3. Recusal is required where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United Stats v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). The magistrate judge's application of this standard is reviewed for abuse of discretion. United States v. Martin, 278 F.3d 988, 1005 (2002). Defendant argues that bias was shown by the magistrate judge's description of defendant's arguments as "internet blabber." The Supreme Court has explained that:

> judicial remarks during the course of a trial that are critical to or disapproving of, or even hostile to, counsel, the parties, or the cases, ordinarily do not support a bias or partiality charge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994) (emphases in original). The comments here are the type Liteky found not to require recusal. Nothing indicates an extrajudicial source of bias. Having reviewed the record, the court cannot conclude that the comments indicate favoritism or antagonism requiring recusal. Id. at 555-56 ("expressions of impatience, dissatisfaction,

11

annoyance, and even anger . . . within the bounds of what imperfect men and women . . . sometimes display" are insufficient to show bias.). As to alleged contempt for the acts of Congress, defendant has failed to show any legal error on the part of the magistrate judge.

Defendant next argues that the magistrate judge improperly limited defendant's cross-examination of the government's witness Mr. Hall. In a criminal case, a judge may limit cross examination to questions "designed to test sincerity and truthfulness or . . . 'reasonably related' to the subject covered on direct." United States v. Sturgis, 578 F.2d 1296, 1300 (9th Cir. 1978). The trial court's decision to limit cross examination is generally reviewed for abuse of discretion, but confrontation clause challenges are reviewed de novo. United States v. Shryock, 342 F.3d 948, 980 (9th Cir. 2003) (citing United States v. Adamson, 291 F.3d 606, 612 (9th Cir. 2002) and United States v. Castellanos-Garcia, 270 F.3d 773, 775 (9th Cir. 2001)).

The prosecution called Mr. Hall on June 4, 2009. Hall testified that he met with defendant in April 2007, that he, along with defendant, inspected a piece of land that was on Forest Service property. TR Day 1 Trans. at 19 (Dkt. No. 42). Hall testified that this area did not contain a road and that barriers were present. Hall further testified that defendant had filed neither a "notice of intent" nor a "plan of operations." On cross examination, defendant attempted to question Hall about miner's rights and Hall's interpretation of those rights, alluding to many

of the legal arguments ultimately rejected by the magistrate judge and here as well. Id. at 58-61. Defendant concedes the questions he sought to ask concerned Hall's own conclusions of law. Reply at 11. Defendant recognized this even at trial. TR Day 1 Trans. at 58 (Defendant, on cross: "Now we have issues here that pertain to the law."). Accordingly, the magistrate judge's decision to sustain the government's objection to these questions was neither an abuse of discretion nor a violation of the confrontation clause.

Defendant's final argument is that "[t]he prosecution failed to prove the essential elements of [the] crime[s]." Brief at 4. This argument is merely a repackaging of defendant's earlier arguments. Defendant argues that (1) because the Forest Service regulations are invalid, the prosecution did not prove that defendant's acts were prohibited and (2) the prosecution failed to prove that there was a damaged party. For the reasons stated above, both arguments fail.

### IV. Conclusion

For the reasons stated above, the appeal is DENIED, and the judgment of the magistrate judge is AFFIRMED.

IT IS SO ORDERED.

DATED: May 19, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13